UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELSA LAZARTE,<br><br>    Plaintiff,<br><br>    v.<br><br>VELOCITY EXPRESS, VELOCITY EXPRESS LEASING, INC., and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No. 13-cv-05654 NC<br><br>**ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER**<br><br>Re: Dkt. No. 1 |

On December 6, 2013, defendant Velocity Express Leasing removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 3. However, the removal notice does not contain sufficient allegations to establish the amount in controversy and the citizenship of all relevant parties for diversity purposes.

The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

First, the notice of removal here does not adequately allege the citizenship of defendant Velocity Express. The notice states that "Velocity Express is a limited liability

Case No. 13-cv-05654 NC
ORDER TO SHOW CAUSE

company, organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Texas." Dkt. No. 1 ¶ 7.  However, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Therefore, the removing defendant must inform the Court of the citizenship of all of Velocity Express's members. Moreover, if any member of Velocity Express is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well.  *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

Second, the removal notice alleges the citizenship of plaintiff and defendant Velocity Express upon information and belief.  Dkt. No. 1 ¶¶ 5, 7.  Such "information and belief" allegations are insufficient to establish citizenship for removal jurisdiction.  *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

The same defect appears with respect to the statement in the notice that the removing defendant is "informed and believes, and on that basis alleges, that defendant Velocity Express consents to the removal." Dkt. No. 1 ¶ 10.  In a case involving multiple defendants, all defendants who have been properly served must join in a removal petition with the exception of nominal parties. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).  While the Ninth Circuit does not require individual consent documents on behalf of each defendant, the removal notice must contain an averment of the other defendants' consent signed by at least one attorney of record. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009).  In the absence of any explanation as to the basis of the "information and belief" upon which the notice of removal is based, the reliance on such allegations would go against the principle that courts strictly

Case No. 13-cv-05654 NC
ORDER TO SHOW CAUSE                    2

construe the removal statute against finding jurisdiction, and that the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Finally, the removal notice's conclusory assertion that "[t]he amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional amount of $75,000.00" is insufficient. Dkt. No. 1 ¶ 4. Aside from this assertion, the notice merely recites the claims alleged in the complaint and states that plaintiff seeks to recover "unspecified compensatory damages, back pay, front pay, general damages, special damages, attorneys' fees and punitive damages" and restitution of unpaid wages. *Id.* However, where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing defendant needs to provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition itself, *the underlying facts* supporting its assertion that the amount in controversy exceeds" the applicable dollar value).

By January 15, 2014, the removing defendant must show cause in writing why its removal is proper by addressing the Court's concerns identified above. If the removing defendant does not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

//

1  The removing defendant must also consent or decline the jurisdiction of a magistrate judge by January 15, 2014.  See attached consent/declination forms.

IT IS SO ORDERED.

Date: December 31, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge